# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5430 | **DATE** | 8/20/2003 |
| **CASE TITLE** | Richard Sharif vs. International Development Group | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion for protective order is denied. The court, sua sponte, orders that the depositions of defendants take place in a country other than Saudi Arabia or the United States agreed upon by plaintiff and defendants. Enter memorandum and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | AUG 2 1 2003 |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| SLB | courtroom deputy's initials | date mailed notice |

Document Number: 44

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Richard Sharif, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02 C 5430 |
| -vs- ) | |
| ) | Senior Judge George W. Lindberg |
| International Development Group, Co., Ltd., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Defendants have moved for a protective order staying all discovery until after the court decides defendants' motions for judgment on the pleadings and summary judgment, and requiring that all depositions of defendants take place in Saudi Arabia.

This judge stays discovery for pending dispositive motions only in the rarest of cases. Defendants have not presented a set of facts on which a stay of discovery is warranted, so the request to stay discovery is denied.

Defendants' request that this court issue a protective order for all depositions of defendants to take place in Saudi Arabia is also denied.

"As a general matter, there is a presumption that a defendant . . . shall be deposed in the district where the deponent resides." *Devlin v. Transportation Communications International Union, et al.*, 2000 U.S. Dist. LEXIS 264 at 8 (S.D.N.Y.). However, this presumption can be overcome where "unusual circumstances or principles of justice require the court to deviate from the general rule." *Sears v. American Entertainment Group, Inc.*, 1995 U.S. Dist. LEXIS 1754 at 4. The general rule can be overcome where factors of cost, convenience, and litigation efficiency

02 C 5430

militate in favor of holding the depositions at another location. See *Devlin*, 2000 U.S. Dist. LEXIS 264 at 9.

Defendants ask that the general rule be applied and that their depositions take place in Saudi Arabia. Plaintiff seeks to hold the depositions in the United States, specifically Chicago. Under the unusual circumstances of this case, the court believes that the depositions of defendants should be held in a third country, other than Saudi Arabia or the United States, agreed upon by the parties. In light of the October 1, 2003 close of discovery, the depositions should take place as soon as possible. The expeditiousness with which counsel and the deponents can get into a country should be considered in selecting the location of the depositions.

ORDERED: Defendants' motion for a protective order is denied. The court, *sua sponte*, orders that the depositions of defendants take place in a country other than Saudi Arabia or the United States agreed upon by plaintiff and defendants.

ENTER:

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: AUG 2 0 2003

2